**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
  clee@everettdorey.com
Elle M. Reed, SBN 328602
  ereed@everettdorey.com
2030 Main Street, Suite 1200
Irvine, California 92614
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendant
ANDRES LOPEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MIN YANG, individually and as successor-in-interest to Yong Yang, deceased; MYUNG SOOK YANG, individually and as successor-in-interest to Yong Yang, deceased,

      Plaintiffs,

    vs.

CITY OF LOS ANGELES; ANDRES LOPEZ; ARACELI RUVALCABA; and DOES 1 through 10, inclusive,

      Defendant.

**Case No.  2:26-cv-01014 DMG (BFM)**

The Honorable Dolly M. Gee, Courtroom 8C

**DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Defendant ANDRES LOPEZ, ("Answering Defendant") answering the Plaintiffs' Complaint for Damages for himself and for no other parties, submits the following Answer and Affirmative Defenses to Plaintiffs' Complaint.  Every averment in the Complaint not expressly admitted is denied.

## JURISDICTION AND VENUE

1.  Answering paragraphs 1 though 2 of the Complaint, the averments contained therein are conclusions of law to which no response is required.  To the

-1-

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

extent a response is deemed to be required, Answering Defendant admits that Plaintiffs have filed suit alleging damages pursuant to 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments of the United States Constitution, but denies that Answering Defendant violated the civil rights of Decedent Yong Yang ("Decedent") or Plaintiffs and denies that Plaintiffs are entitled to any relief under that statute. Answering Defendant further denies that a factual or legal basis exists for any of Plaintiffs' claims against Answering Defendant.

## **INTRODUCTION**

2. Answering paragraph 3 of the Complaint, Answering Defendant admits that Plaintiffs have filed suit seeking compensatory and punitive damages, but Answering Defendant denies that Plaintiffs are entitled to any such relief from Answering Defendant and denies that Answering Defendant violated any rights under the United States Constitution.

3. Answering paragraph 4 of the Complaint, Answering Defendant asserts that Decedent's death was a result of Decedent creating an imminent threat of serious bodily injury and/or death and not officer misconduct. Answering Defendant denies Plaintiffs' allegations that entry into Plaintiffs' home was unlawfully made, denies that the detention and arrest of Decedent was unreasonable, denies that excessive deadly force was used against Decedent, denies that reasonable medical care was not timely provided to Decedent, and denies that there was deliberate indifference to Decedent's Constitutional rights. Answering Defendant denies the implication that paragraph 4 accurately describes or otherwise characterizes the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

4. Answering paragraph 5 of the Complaint, Answering Defendant asserts that Decedent's death was a result of his creating an imminent threat of serious bodily injury and/or death and not officer misconduct. Answering Defendant denies Plaintiffs' allegations that he engaged in unconstitutional conduct and violated the

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-2-

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

civil rights of Decedent or Plaintiffs. Answering Defendant denies the implication that paragraph 5 accurately describes or otherwise characterizes the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

## PARTIES

5. Answering paragraph 6 of the Complaint, Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies.

6. Answering paragraphs 7 though 9 of the Complaint, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed to be required, Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies.

7. Answering paragraph 10 of the Complaint, Answering Defendant admits the allegations contained therein, except for specific allegation regarding the City.

8. Answering paragraphs 11 through 14 of the Complaint, Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies.

9. Answering paragraph 15 of the Complaint, Answering Defendant admits that he and Defendant Araceli Ruvalcaba were employed as police officers working for the Los Angeles Police Department (LAPD) but is without sufficient knowledge or information to either admit or deny the remaining allegations contained therein and therefore denies.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

10. Answering paragraph 16 of the Complaint, Answering Defendant incorporates by reference each and every affirmative allegation, admission and

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-3-

denial responsive to the paragraphs of Plaintiffs' Complaint incorporated by reference in paragraph 16 as if fully set forth herein.

11. Answering paragraphs 17 through 39 of the Complaint, Answering Defendant asserts that at or just prior to the time of the incident, Decedent was at his parents' home (where he did not reside) acting unlawfully. Plaintiffs contacted the Los Angeles County Department of Mental Health (DMH) because they had become afraid of Decedent, an unmedicated 40-year-old with bipolar disorder and a known history of substance abuse, and Plaintiffs wanted him removed from their home. Plaintiffs indicated they were staying in their car because they were afraid to be in their home with Decedent. Decedent was determined to be a danger to others after he attempted to assault a DMH employee when they attempted to speak with him. One of the Plaintiffs, Decedent's father, provided LAPD officers with a key to Plaintiffs' home and consented to LAPD's entry into Plaintiffs' home. The officers announced their presence and then utilized the key to open the front door. As they did so, Decedent was observed standing nearby, armed with a knife. Decedent was told to drop the knife yet failed to do so and continued to advance toward Answering Defendant instead, posing an immediate threat of death or serious bodily injury to Answering Defendant and others. Decedent was subdued and the necessary medical attention was promptly summoned and responded to the scene. Answering Defendant denies that paragraphs 17 through 39 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

12. Answering Defendant reasonably perceived, based on the information he had available at the time, that he faced an imminent threat of death or serious bodily injury from the knife and/or other potential weapons in Plaintiffs' home. Under these circumstances, an objectively reasonable officer would fairly conclude that Decedent had the present ability, opportunity, and intent to cause immediate

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ◆ FAX 949-377-3110

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

death or serious bodily injury to Answering Defendant, such that it was reasonable for Answering Defendant to believe that it was necessary to use deadly force against Decedent in lawful self-defense.

13. Answering Defendant asserts that Decedent's death was a result of Decedent creating an imminent threat of serious bodily injury and/or death and not officer misconduct. Decedent had posed an immediate threat since he was armed with a knife and was engaging in a series of escalating aggressive and erratic actions. Methamphetamine was observed and recovered from the scene of the incident and the presence of the drug in his system during Decedent's autopsy revealed that he had consumed said methamphetamine at or prior to the time of the incident.

14. Answering paragraph 40 of the Complaint, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed to be required, Answering Defendant admits that Plaintiffs have filed suit claiming to be Decedent's successors in interest.

## FIRST CLAIM OF RELIEF

**Unreasonable Search and Seizure – Unlawful Entry (42 U.S.C. § 1983)**

**By Plaintiffs against Defendants LOPEZ, RUVALCABA, DOE OFFICERS**

15. Answering paragraph 41 of the Complaint, Answering Defendant incorporates by reference each and every affirmative allegation, admission and denial responsive to the paragraphs of Plaintiffs' Complaint incorporated by reference in paragraph 41 as if fully set forth herein.

16. Answering paragraphs 42 through 47 of the Complaint, Answering Defendant admits that there was no warrant but denies that one was necessary because LAPD received Plaintiffs' consent to enter into Plaintiffs' home and had probable cause to believe that crime had been committed. Answering Defendant asserts that at or just prior to the time of the incident, Decedent was at his parents' home (where he did not reside) acting unlawfully, as previously described in

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-5-

paragraphs 11 through 13 of this Answer and re-alleged and incorporated by reference herein.  Decedent's father provided LAPD officers with a key to Plaintiffs' home and consented to LAPD's entry into Plaintiffs' home.  Answering Defendant denies that he unlawfully entered into Plaintiffs' home, violated Decedent's or Plaintiffs' constitutional rights, or otherwise engaged in conduct that was willful, wanton, malicious, or done with reckless disregard for the rights of Decedent or Plaintiffs.  Answering Defendant admits that Plaintiffs seek exemplary and punitive damages, but denies that Plaintiffs are entitled to any such relief.  Answering Defendant denies that paragraphs 42 through 47 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

17.    Answering paragraphs 48 through 51 of the Complaint, Answering Defendant admits that Plaintiffs seek compensatory damages, survival damages, funeral and burial expenses, an award of costs, and attorney's fees, but denies that Plaintiffs are entitled to any such relief and denies that he violated Decedent's or Plaintiffs' constitutional rights and denies engaging in any misconduct.  Answering Defendant denies that paragraphs 48 through 51 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

**SECOND CLAIM OF RELIEF**

**Fourth Amendment - Unlawful Detention and Arrest (42 U.S.C. § 1983)**

**By Plaintiffs against Defendants LOPEZ, RUVALCABA, DOE OFFICERS**

18.    Answering paragraph 52 of the Complaint, Answering Defendant incorporates by reference each and every affirmative allegation, admission and denial responsive to the paragraphs of Plaintiffs' Complaint incorporated by reference in paragraph 52 as if fully set forth herein.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

19. Answering paragraphs 53 through 60 of the Complaint, Answering Defendant asserts that LAPD received Plaintiffs' consent to enter into Plaintiffs' home and had probable cause to believe that crime had been committed because, at or just prior to the time of the incident, Decedent was at his parents' home (where he did not reside) acting unlawfully, as previously described in paragraphs 11 through 13 of this Answer and re-alleged and incorporated by reference herein.  Answering Defendant denies that he unlawfully entered into Plaintiffs' home, violated Decedent's or Plaintiffs' constitutional rights, or otherwise engaged in conduct that was willful, wanton, malicious, or done with reckless disregard for the rights of Decedent or Plaintiffs.  Answering Defendant admits that Plaintiffs seek exemplary and punitive damages, but denies that Plaintiffs are entitled to any such relief. Answering Defendant denies that paragraphs 53 through 60 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

20. Answering paragraphs 61 through 64 of the Complaint, Answering Defendant admits that Plaintiffs seek compensatory damages, survival damages, wrongful death damages, funeral and burial expenses, an award of costs, and attorney's fees, but denies that Plaintiffs are entitled to any such relief and denies that he violated Decedent's or Plaintiffs' constitutional rights and denies engaging in any misconduct.  Answering Defendant denies that paragraphs 61 through 64 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-7-

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## THIRD CLAIM OF RELIEF

### Unreasonable Search and Seizure - Excessive Force (42 U.S.C. § 1983)

### By Plaintiffs against Defendants LOPEZ, RUVALCABA, DOE OFFICERS

21. Answering paragraph 65 of the Complaint, Answering Defendant incorporates by reference each and every affirmative allegation, admission and denial responsive to the paragraphs of Plaintiffs' Complaint incorporated by reference in paragraph 65 as if fully set forth herein.

22. Answering paragraphs 66 and 68 through 74 of the Complaint, Answering Defendant denies that Decedent was unreasonably searched or seized and denies that Answering Defendant unlawfully entered into Plaintiffs' home, used unreasonable force, violated Decedent's or Plaintiffs' constitutional rights, or otherwise engaged in conduct that was willful, wanton, malicious, or done with reckless disregard for the rights of Decedent or Plaintiffs. Answering Defendant admits that Plaintiffs seek exemplary and punitive damages, but denies that Plaintiffs are entitled to any such relief. Answering Defendant asserts that LAPD received Plaintiffs' consent to enter into Plaintiffs' home and had probable cause to believe that crime had been committed by Decedent because, at or just prior to the time of the incident, Decedent was at his parents' home (where he did not reside) acting unlawfully, as previously described in paragraphs 11 through 13 of this Answer and re-alleged and incorporated by reference herein. Answering Defendant denies that paragraphs 66 and 68 through 74 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

23. Answering paragraphs 67 and 75 through 78 of the Complaint, Answering Defendant admits that Plaintiffs seek compensatory damages, survival damages, wrongful death damages, funeral and burial expenses, an award of costs, and attorney's fees, but denies that Plaintiffs are entitled to any such relief and denies that he violated Decedent's or Plaintiffs' constitutional rights and denies

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

engaging in any misconduct.   Answering Defendant denies that paragraphs 61 through 64 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

## FOURTH CLAIM OF RELIEF

### Fourth Amendment - Denial of Medical Care (42 U.S.C. § 1983)

### By Plaintiffs against Defendants LOPEZ, RUVALCABA, DOE OFFICERS

24.    Answering paragraph 79 of the Complaint, Answering Defendant incorporates by reference each and every affirmative allegation, admission and denial responsive to the paragraphs of Plaintiffs' Complaint incorporated by reference in paragraph 79 as if fully set forth herein.

25.    Answering paragraphs 80 through 82 of the Complaint, Answering Defendant denies that Decedent was unreasonably searched or seized and denies that Answering Defendant unlawfully failed to provide timely medical treatment to Decedent, violated Decedent's or Plaintiffs' constitutional rights, or otherwise engaged in conduct that was willful, wanton, malicious, or done with reckless disregard for the rights of Decedent or Plaintiffs.  Answering Defendant admits that Plaintiffs seek exemplary and punitive damages, but denies that Plaintiffs are entitled to any such relief.  Answering Defendant asserts that LAPD received Plaintiffs' consent to enter into Plaintiffs' home and had probable cause to believe that crime had been committed by Decedent because, at or just prior to the time of the incident, Decedent was at his parents' home (where he did not reside) acting unlawfully, and that the necessary medical attention was promptly summoned and responded to the scene after the subject officer involved shooting occurred, as previously described in paragraphs 11 through 13 of this Answer and re-alleged and incorporated by reference herein.  Answering Defendant denies that paragraphs 80 through 82 of the Complaint accurately describe or characterize the circumstances

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-9-

and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

26.     Answering paragraphs 83 through 86 of the Complaint, Answering Defendant admits that Plaintiffs seek compensatory damages, survival damages, wrongful death damages, funeral and burial expenses, an award of costs, and attorney's fees, but denies that Plaintiffs are entitled to any such relief and denies that he violated Decedent's or Plaintiffs' constitutional rights and denies engaging in any misconduct.  Answering Defendant denies that paragraphs 83 through 86 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

## FIFTH CLAIM OF RELIEF

**First and Fourteenth Amendments – Interference with Familial Relationship**

**(42 U.S.C. § 1983)**

**By Plaintiffs against Defendants LOPEZ, RUVALCABA, DOE OFFICERS**

27.     Answering paragraph 87 of the Complaint, Answering Defendant incorporates by reference each and every affirmative allegation, admission and denial responsive to the paragraphs of Plaintiffs' Complaint incorporated by reference in paragraph 87 as if fully set forth herein.

28.     Answering paragraphs 88 through 92 and 94 through 95 of the Complaint, Answering Defendant denies that Decedent was unreasonable detained and arrested and denies that Answering Defendant unlawfully entered into Plaintiffs' home, used excessive force, violated Decedent's or Plaintiffs' constitutional rights, or otherwise engaged in conduct that was willful, wanton, malicious, done with purpose to harm unrelated to any legitimate law enforcement objective, or done with reckless disregard for the rights of Decedent or Plaintiffs. Answering Defendant admits that Plaintiffs seek exemplary and punitive damages, but denies that Plaintiffs are entitled to any such relief.  Answering Defendant

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-10-

asserts that LAPD received Plaintiffs' consent to enter into Plaintiffs' home and had probable cause to believe that crime had been committed by Decedent because, at or just prior to the time of the incident, Decedent was at his parents' home (where he did not reside) acting unlawfully, such that Answering Defendant was constrained to enter Plaintiffs' home and, while in the process of doing so, issued adequate commands and adequate verbal warning and provided adequate time to comply before using deadly force, as previously described in paragraphs 11 through 13 of this Answer and re-alleged and incorporated by reference herein. Answering Defendant denies that paragraphs 88 through 92 and 94 through 95 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

29. Answering paragraphs 93 and 96 through 97 of the Complaint, Answering Defendant admits that Plaintiffs seek wrongful death damages, an award of costs, and attorney's fees, but denies that Plaintiffs are entitled to any such relief and denies that he violated Decedent's or Plaintiffs' constitutional rights and denies engaging in any misconduct. Answering Defendant denies that paragraphs 93 and 96 through 97 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

### SIXTH CLAIM FOR RELIEF

**Municipal Liability (<u>Monell</u>) – Unconstitutional Custom, Policy, or Practice (42 U.S.C. § 1983)**

**By Plaintiffs against Defendant CITY OF LOS ANGELES**

30. Answering paragraph 98 of the Complaint, Answering Defendant incorporates by reference each and every affirmative allegation, admission and denial responsive to the paragraphs of Plaintiffs' Complaint incorporated by reference in paragraph 98 as if fully set forth herein.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

31. Answering paragraphs 99 through 104 of the Complaint, Answering Defendant denies that Decedent was unreasonable detained and arrested and denies that Answering Defendant unlawfully entered into Plaintiffs' home, used excessive force, violated Decedent's or Plaintiffs' rights, or otherwise engaged in outrageous conduct and other wrongful acts. Answering Defendant asserts that LAPD received Plaintiffs' consent to enter into Plaintiffs' home and had probable cause to believe that crime had been committed by Decedent because, at or just prior to the time of the incident, Decedent was at his parents' home (where he did not reside) acting unlawfully, such that Answering Defendant was constrained to enter Plaintiffs' home and, while in the process of doing so, issued adequate commands and adequate verbal warning and provided adequate time to comply before using deadly force, as previously described in paragraphs 11 through 13 of this Answer and re-alleged and incorporated by reference herein. Answering Defendant denies that paragraphs 99 through 104 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

32. Answering paragraph 105 of the Complaint, Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies.

33. Answering paragraphs 106 through 108 of the Complaint, Answering Defendant admits that his shooting of Decedent was determined to be "within policy." Answering Defendant denies that paragraphs 106 through 108 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

34. Answering paragraphs 109 through 113 of the Complaint, Answering Defendant admits that Plaintiffs seek compensatory damages, survival damages, wrongful death damages, funeral and burial expenses, an award of costs, and

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-12-

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

attorney's fees, but denies that Plaintiffs are entitled to any such relief and denies that he violated Decedent's or Plaintiffs' constitutional rights and denies engaging in any misconduct. Answering Defendant denies that paragraphs 109 through 113 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability (Monell) – Failure to Train (42 U.S.C. § 1983)

### By Plaintiffs against Defendant CITY OF LOS ANGELES

35. Answering paragraph 114 of the Complaint, Answering Defendant incorporates by reference each and every affirmative allegation, admission and denial responsive to the paragraphs of Plaintiffs' Complaint incorporated by reference in paragraph 114 as if fully set forth herein.

36. Answering paragraphs 115 through 121 of the Complaint, Answering Defendant denies that Decedent was unreasonable detained and arrested and denies that Answering Defendant unlawfully entered into Plaintiffs' home, used excessive force, utilized improper tactics, failed to use effective communication prior to using force, violated Decedent's or Plaintiffs' rights, or otherwise engaged in misconduct. Answering Defendant asserts that LAPD received Plaintiffs' consent to enter into Plaintiffs' home and had probable cause to believe that crime had been committed by Decedent because, at or just prior to the time of the incident, Decedent was at his parents' home (where he did not reside) acting unlawfully, such that Answering Defendant was constrained to enter Plaintiffs' home and, while in the process of doing so, issued adequate commands and adequate verbal warning and provided adequate time to comply before using deadly force, as previously described in paragraphs 11 through 13 of this Answer and re-alleged and incorporated by reference herein. Answering Defendant denies that paragraphs 115 through 121 of the Complaint accurately describe or characterize the circumstances and events

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

37. Answering paragraph 122 of the Complaint, Answering Defendant is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies.

38. Answering paragraphs 123 through 127 of the Complaint, Answering Defendant admits that Plaintiffs seek compensatory damages, survival damages, wrongful death damages, funeral and burial expenses, an award of costs, and attorney's fees, but denies that Plaintiffs are entitled to any such relief and denies that he violated Decedent's or Plaintiffs' constitutional rights and denies engaging in any misconduct. Answering Defendant denies that paragraphs 123 through 127 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

## EIGHTH CLAIM FOR RELIEF

### Municipal Liability (Monell) – Ratification (42 U.S.C. § 1983)

### By Plaintiffs against Defendant CITY OF LOS ANGELES

39. Answering paragraph 128 of the Complaint, Answering Defendant incorporates by reference each and every affirmative allegation, admission and denial responsive to the paragraphs of Plaintiffs' Complaint incorporated by reference in paragraph 128 as if fully set forth herein.

40. Answering paragraphs 129 through 132 of the Complaint, Answering Defendant denies that he used excessive force, violated Decedent's or Plaintiffs' rights, or otherwise engaged in misconduct. Answering Defendant asserts that LAPD received Plaintiffs' consent to enter into Plaintiffs' home and had probable cause to believe that crime had been committed by Decedent because, at or just prior to the time of the incident, Decedent was at his parents' home (where he did not reside) acting unlawfully, such that Answering Defendant was constrained to enter

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

Plaintiffs' home and, while in the process of doing so, issued adequate commands and adequate verbal warning and provided adequate time to comply before using deadly force, as previously described in paragraphs 11 through 13 of this Answer and re-alleged and incorporated by reference herein.  Answering Defendant denies that paragraphs 129 through 132 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

41.     Answering paragraphs 133 through 137 of the Complaint, Answering Defendant admits that Plaintiffs seek compensatory damages, survival damages, wrongful death damages, funeral and burial expenses, an award of costs, and attorney's fees, but denies that Plaintiffs are entitled to any such relief and denies that he violated Decedent's or Plaintiffs' constitutional rights and denies engaging in any misconduct.  Answering Defendant denies that paragraphs 133 through 137 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

## NINTH CLAIM FOR RELIEF

### Americans with Disabilities Act (42 U.S.C. § 12132)

### By Plaintiffs against All Defendants

42.     Answering paragraphs 138 though 144 of the Complaint, the averments contained therein are conclusions of law to which no response is required. To the extent a response is deemed to be required, Answering Defendant admits that Plaintiffs have filed suit alleging damages pursuant to Americans with Disabilities Act (42 U.S.C. § 12132), but denies that Answering Defendant violated the civil rights of Decedent or Plaintiffs and denies that Plaintiffs are entitled to any relief under that statute.  Answering Defendant further denies that a factual or legal basis exists for any of Plaintiffs' claims against Answering Defendant.  In particular, Plaintiffs may assert a claim under Title II of the ADA only against a public entity

4919-0720-0160.3

-15-

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

and not against Answering Defendant, an individual defendant.  See 42 U.S.C. §§ 12132 (redress available for discrimination by a "public entity") and 12131(1) ("public entity" as defined within the statute does not include individuals).

43.    Answering paragraphs 145 through 147 of the Complaint, Answering Defendant admits that Plaintiffs seek compensatory damages, survival damages, wrongful death damages, funeral and burial expenses, an award of costs, and attorney's fees, but denies that Plaintiffs are entitled to any such relief and denies that he violated Decedent's or Plaintiffs' constitutional rights and denies engaging in any misconduct.  Answering Defendant denies that paragraphs 145 through 147 of the Complaint accurately describe or characterize the circumstances and events surrounding the incident, and thus, except as expressly admitted, denies the remaining allegations therein.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiffs, Answering Defendant pleads the following Affirmative Defenses to the Complaint. Answering Defendant reserves the right to move to amend this Answer to plead additional defenses at such time and to such extent as warranted by discovery and the factual development in this case.  As separate and distinct affirmative defenses, Answering Defendant alleges each of the following:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Neither the Complaint, nor any cause of action asserted therein, assert facts sufficient to constitute a claim against Answering Defendant.  Specifically, Answering Defendant alleges that Plaintiffs fail to state a claim for violation of the Americans with Disabilities Act (42 U.S.C. § 12132) against Answering Defendant because Plaintiffs may assert a claim under Title II of the ADA only against a public entity and not against Answering Defendant, an individual defendant.  See 42 U.S.C. §§ 12132 (redress available for discrimination by a "public entity") and

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-16-

12131(1) ("public entity" as defined within the statute does not include individuals).

## SECOND AFFIRMATIVE DEFENSE

### (Governmental Immunities)

Answering Defendant alleges that the Complaint is barred by virtue of governmental immunities.  Answering Defendant is immune from liability pursuant to applicable case law, as well as the provisions of each of the following California statutes, each of which is set forth as a separate and distinct affirmative defense: California Government Code sections 820.2, 820.4, 820.6, 820.8, 822.2, 835a, 845, 845.6, 845.8, 846, 850.8, 855.6, and 856.4, as well as California Civil Code sections 43.55 and 47 and California Penal Code sections 835a, 836, and 847(b).

## THIRD AFFIRMATIVE DEFENSE

### (Qualified Immunity)

Answering Defendant is protected from liability under the doctrine of qualified immunity, because his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## FOURTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 820)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred by the provisions of Government Code section 820. Specifically, except as otherwise provided by statute, a public employee is liable for injury caused by his act or omission to the same extent as a private person.

## FIFTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 820.2)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred by the provisions of Government Code section 820.2. Specifically, except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ◆ FAX 949-377-3110

4919-0720-0160.3

-17-

result of the exercise of the discretion vested in him, whether or not such discretion be abused.

## SIXTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 820.4)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred by the provisions of Government Code section 820.4. Specifically, a public employee is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 820.6)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred by the provisions of Government Code section 820.6. Specifically, if a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for an injury caused thereby except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

## EIGHTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 820.8)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred by the provisions of Government Code section 820.8. Specifically, except as otherwise provided by statute, a public employee is not liable for an injury caused by the act or omission of another person.

## NINTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 845)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred by the provisions of Government Code section 845. Specifically, neither a public entity nor a public employee is liable for failure to establish a police department or otherwise to provide police protection service or, if

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

police protection service is provided, for failure to provide sufficient police protection service.

## TENTH AFFIRMATIVE DEFENSE

### (Claims Barred by Govt. Code § 845.8)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred by the provision of Government Code section 845.8. Specifically, neither a public entity nor a public employee is liable for any injury caused by a person resisting arrest.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

Answering Defendant alleges that Decedent and/or Plaintiffs voluntarily assumed all risks, responsibility and liability for the alleged injuries or damages, if any, sustained by Decedent or Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

### (Self Defense/Defense of Others)

Answering Defendant alleges that his conduct was, at all times, reasonable and lawful based on self-defense and/or defense of others.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Probable Cause of Threat)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred because Answering Defendant had probable cause to believe that Decedent posed a threat of serious physical harm, either to him or to others.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Claims Barred Due to Reasonable and Probable Cause to Detain Decedent)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred because, at all times mentioned in the Complaint,

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-19-

Answering Defendant had reasonable and probable cause to detain and restrain Decedent.

<strong><u>FIFTEENTH AFFIRMATIVE DEFENSE</u></strong>

<strong>(Lawful Conduct)</strong>

Answering Defendant alleges that his conduct was, at all times, reasonable and lawful under the circumstances.

<strong><u>SIXTEENTH AFFIRMATIVE DEFENSE</u></strong>

<strong>(Claims Barred Due to Exercise of Reasonable Force)</strong>

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred because, at all times mentioned in Plaintiffs' Complaint, Answering Defendant alleges that no more force, if any, was used on Decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape thereon, and prevent injury to Answering Defendant and to others, and that such force, if any, was reasonable under the circumstances.

<strong><u>SEVENTEENTH AFFIRMATIVE DEFENSE</u></strong>

<strong>(No Discriminatory Motive)</strong>

Answering Defendant alleges that he had no discriminatory motive or intent relative to any of Plaintiffs' claim.

<strong><u>EIGHTEENTH AFFIRMATIVE DEFENSE</u></strong>

<strong>(No Malice, Oppression, Despicable Conduct)</strong>

Answering Defendant alleges that he acted with no malicious, oppressive, or despicable conduct nor did he engage in conduct that was willful, wanton, malicious, done with purpose to harm unrelated to any legitimate law enforcement objective, or done with reckless disregard for the rights of Decedent or Plaintiffs.

<strong><u>NINETEENTH AFFIRMATIVE DEFENSE</u></strong>

<strong>(No Civil Rights Violated)</strong>

Answering Defendant alleges that no civil rights of Decedent or Plaintiffs were violated.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-20-

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Threat, Intimidation or Coercion)

Answering Defendant alleges that there was no interference or attempt to interfere with any civil rights of Decedent or Plaintiffs through threats, intimidation or coercion.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Intent to Deprive)

Answering Defendant alleges that there was no intent to deprive Decedent or Plaintiffs of enjoyment of any right.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred by the equitable doctrine of estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

Answering Defendant alleges that each and every cause of action contained in Plaintiffs' Complaint is barred by the equitable doctrine of unclean hands.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Independent Intervening Causes)

Answering Defendant alleges that the Complaint is barred by virtue of independent intervening cause(s).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Answering Defendant alleges that the alleged damages asserted by Plaintiffs in the Complaint are barred, either in whole or in part, by the doctrine of avoidable consequences. State Department of Health Services v. Superior Court, 31 Cal.4th 1026 (2003).

4919-0720-0160.3

-21-

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Causation)

Answering Defendant alleges that he was not the legal or proximate cause of the Plaintiffs' alleged damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Acts or Omissions of Decedent)

Answering Defendant alleges that, to the extent Plaintiffs suffered any damages, which Answering Defendant denies, they were caused solely by the actions or omissions of Decedent or Plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Legal and/or Proximate Cause)

Answering Defendant alleges that his acts were not the legal and/or proximate cause of any of the damages alleged by Plaintiffs.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Answering Defendant alleges that each and every cause of action stated in Plaintiffs' Complaint is barred and/or subject to offset and reduction by virtue of the comparative negligence of Decedent and/or other persons.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Apportionment)

Answering Defendant alleges that, if Plaintiffs suffered or sustained any loss or damage as alleged in the Complaint, such loss or damage was proximately caused and contributed to by persons or entities other than Answering Defendant or his employer.  The liability of all defendants, named or unnamed, should be apportioned according to the relative degrees of fault.

4919-0720-0160.3

-22-

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Offset)

Answering Defendant alleges that any amount for which he is held liable and owing to Plaintiffs must be offset by any and all amounts recovered by Plaintiffs from any other responsible parties, such that Answering Defendant's liability must be reduced in an amount corresponding to those amounts recovered by Plaintiffs from such other responsible parties.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Answering Defendant alleges that Plaintiffs and/or Decedent have engaged in conduct and activities sufficient to constitute a waiver of any alleged duty, act or omission of any nature by Answering Defendant, which waiver serves to preclude any recovery here sought by Plaintiffs.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Privilege)

Answering Defendant alleges that any force used against Decedent was a lawful exercise of the right of self-defense and defense of the public and thus privileged by law; therefore, any recovery based on such acts is barred as a matter of law.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Answering Defendant alleges that though under a duty to do so, Plaintiffs and/or Decedent failed and neglected to mitigate the alleged damages, and therefore cannot recover against Answering Defendant whether as alleged, or otherwise. Answering Defendant alleges that Plaintiffs and/or Decedent failed to exercise a duty to mitigate and limit the damage claim as to Answering Defendant, which acts and omissions by Plaintiffs and/or Decedent have estopped Plaintiffs and/or

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

Decedent from asserting any claim for damages or seeking the relief requested against Answering Defendant.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (California Government Claims Act)

Answering Defendant alleges that some or all of Plaintiffs' claims are barred by their failure to present a timely and/or sufficient claim as required under California Government Code section 901, et seq.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Speculative Damages)

Answering Defendant alleges that Plaintiffs' claims for damages are barred, either in whole or in part, because Plaintiffs' purported damages are remote, speculative and/or unavailable as a matter of law.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Interest)

Answering Defendant further alleges that Plaintiffs are not entitled to any "interest" as the relief requested is unlawfully vague as it fails to specify whether the interest requested is pre- or post-judgment, or the legal basis for its imposition. Furthermore, as Plaintiffs' claims involve highly uncertain unliquidated damages, prejudgment interest is not permitted under California Civil Code section 3287, and post-judgment interest should similarly be denied under California Civil Code section 3288 as being inequitable under the circumstances.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Answering Defendant alleges that Plaintiffs are not entitled to any punitive damages against Answering Defendant because of a lack of any conduct warranting such damages.

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ◆ FAX 949-377-3110

4919-0720-0160.3

-24-

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation of Additional Affirmative Defenses)

Answering Defendant alleges that he is without sufficient information as to the nature and scope of Plaintiffs' causes of action as to be able to be fully assess and set forth all potentially-applicable affirmative defenses in this matter. Accordingly, Answering Defendant hereby reserves the right to allege additional affirmative defenses as further information becomes known.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered or otherwise responded to the allegations contained in the Complaint, Answering Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint;

2. That judgment be awarded in favor of Answering Defendant and the Complaint be dismissed;

3. That Answering Defendant be awarded costs of the suit;

4. That Answering Defendant be awarded other and further relief as the Court may deem just and proper, including an award of attorney's fees pursuant to 42 U.S.C. section 1988.

DATED: April 13, 2026        EVERETT DOREY LLP

By: _____
Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Elle M. Reed
Attorneys for Defendant
ANDRES LOPEZ

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-25-

## **DEMAND FOR JURY TRIAL**

Answering Defendant hereby demands and requests a trial by jury, on all issues so triable, in this matter.

DATED:  April 13, 2026                    EVERETT DOREY LLP

By: _____

Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Elle M. Reed
Attorneys for Defendant
ANDRES LOPEZ

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

-26-

DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

File No. 1081-24

## PROOF OF SERVICE

**Min Yang v. City of Los Angeles, et al.**

**Case No. 2:26-cv-1014-DMG-BFM**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 2030 Main Street, Suite 1200, Irvine, CA 92614.

On April 13, 2026, I served true copies of the following document(s) described as

**DEFENDANT ANDRES LOPEZ'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 13, 2026, at Irvine, California.

_Nydia Shannon_
_____
Nydia Shannon

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

4919-0720-0160.3

PROOF OF SERVICE

File No. 1081-24

**SERVICE LIST**
**Min Yang v. City of Los Angeles, et al.**
**Case No. 2:26-cv-1014-DMG-BFM**

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiffs*
MIN YANG, individually and as successor-in-interest to Yong Yang, deceased; and MYUNG SOOK YANG, individually and as successor-in-interest to Yong Yang, deceased

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
CHRISTIAN BOJORQUEZ, Deputy City Attorney (SBN 192872)
IRVING ESTRADA, Deputy City Attorney (SBN 314785)
200 North Main Street, 6th Floor,
City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-7023 | Fax No.: (213) 978-8785
Email: Christian.Bojorquez@lacity.org
irving.estrada@lacity.org

*Attorney for Defendants*
CITY OF LOS ANGELES and ARACELI RUVALCABA

EVERETT DOREY LLP
2030 MAIN STREET, SUITE 1200
IRVINE, CALIFORNIA 92614
TELEPHONE 949-771-9233 ♦ FAX 949-377-3110

2