**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIN YANG, individually and as successor-in-interest to Yong Yang, deceased; and MYUNG SOOK YANG, individually and as successor-in-interest to Yong Yang, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF LOS ANGELES; ANDRES LOPEZ; ARACELI RUVALCABA; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:26-cv-01014-DMG-BFM <br><br> *Hon. Dolly M. Gee* <br> *Hon. Mag. Judge Brianna Fuller Mircheff* <br><br> **JOINT RULE 26(f) REPORT** <br><br> <u>Scheduling Conference:</u> <br> Date:  May 8, 2026 <br> Time:  9:30 a.m. <br> Crtrm: 8C <br><br> **Complaint (with Demand for Jury Trial) Filed**: January 30, 2026 <br> **Responsive Pleadings Filed**: March 12, 2026; April 10, 2026; April 13, 2026 <br> **Trial (Proposed)**: <br> Plaintiffs October 26, 2027; <br> Defendants February 1, 2028 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's March 20, 2026, Order Scheduling Meeting of Counsel and Scheduling Conference [Dkt. 16], the early meeting of counsel has been conducted between counsel for Plaintiffs and counsel for Defendants City of Los Angeles, Andres Lopez, and Araceli Ruvalcaba. An initial early meeting of Plaintiffs' counsel and counsel for Andres Lopez took place on telephone on April 15, 2026, and was attended by Benjamin Levine of the Law Offices of Dale K. Galipo, counsel for Plaintiffs, and Elle M. Reed of Everett Dorey LLP, counsel for Defendant Andres Lopez. On April 23, 2024, counsel for all parties participated in the Rule 26(f) Meet And Confer, via telephone, attended by Benjamin Levine of the Law Offices of Dale K. Galipo, counsel for Plaintiffs, Elle M. Reed of Everett Dorey LLP, counsel for Defendant Andres Lopez, and Irving Estrada of the Los Angeles City Attorney's Office, counsel for Defendants City of Los Angeles and Araceli Ruvalcaba.

The parties have discussed the nature and basis of their claims and defenses, the potential for resolving the case, the timing of initial disclosures, and a proposed discovery plan. The parties, through their counsel, respectfully submit the following Joint Report.

(a)    <u>Statement of the Case</u>

<u>Plaintiffs' Summary</u>: Plaintiffs allege that, on May 2, 2024, Plaintiffs' decedent, Yong Yang ("Decedent"), was at the home of his parents—Plaintiffs—and experiencing a mental health crisis. Officers from the Los Angeles Police Department ("LAPD"), including Defendants Officer Andres Lopez and Sergeant Araceli Ruvalcaba, responded to the home, where they were informed that Decedent suffered from bipolar disorder and schizophrenia, was experiencing a mental health crisis, and did not want to leave the home. Defendants spoke with Decedent through the apartment door, and Decedent made statements further confirming he was experiencing a mental health crisis. Defendants, led by Sgt. Ruvalcaba, determined to

remove Decedent from the home. They entered the building, climbed the stairs to the landing where the entryway to the home was located while visibly armed, and opened the door. Decedent was inside of the home and, upon seeing him, the officers yelled overlapping commands, escalating the encounter, before Defendant Lopez fired multiple gunshots at Decedent. Decedent died from his injuries.

As a result of these allegations, Plaintiffs bring causes of action under 42 U.S.C. § 1983 against the individual officer Defendants for unlawful entry, unlawful detention and arrest, excessive force, denial of medical care, and interference with familial relationship. Plaintiffs also bring *Monell* claims against Defendant City of Los Angeles for unconstitutional custom, practice, or policy, failure to train, and ratification. Plaintiffs also a claim under the Americans with Disabilities Act, 42 U.S.C. § 12132.

The named Defendants have been served and have answered the operative complaint.

Defendants' Summary:

Defendants dispute Plaintiffs' version of the case. Defendants are exploring all of Plaintiffs' allegations and maintain that Los Angeles Police Department Officers, including Officers Lopez and Ruvalcaba (collectively, "Officers") acted lawfully and reasonably at all times. Defendants deny liability and the extent of damages sought by Plaintiffs and contend that any damages suffered were caused by Plaintiffs and/or Decedent. Defendants submit that Officers' conduct throughout the subject incident was reasonable and lawful.

Further, Defendants allege that any force used was caused and necessitated by the actions of Decedent and was reasonable and necessary for self-defense and defense of others. Defendants maintain that medical care was summoned and provided to Decedent consistent with the applicable legal standards and that there was no failure to reasonably accommodate Decedent's disability. Defendants also maintain that individual officer defendants have qualified immunity from the allegations set forth in

Plaintiffs' Complaint.  Finally, Defendants contend that the City of Los Angeles did not fail to train, and did not maintain unconstitutional policies, practices, or customs that were the moving force behind any alleged constitutional violation.

        **(b)**      **<u>Subject Matter Jurisdiction</u>**

Plaintiffs have filed federal claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 12132. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

        **(c)**      **<u>Legal Issues to Reflect Plaintiffs' Complaint</u>**

1. Whether Plaintiffs can prove that the individual Defendants entered Plaintiffs' home without a valid warrant or exception to the warrant requirement;

2. Whether Plaintiffs can prove that the individual Defendants unlawfully detained and/or arrested Decedent;

3. Whether Plaintiffs can prove the individual Defendants used excessive force against Decedent;

4. Whether Plaintiffs can prove the individual Defendants denied timely medical care to Decedent;

5. Whether Plaintiffs can prove the individual Defendants unlawfully interfered with Plaintiffs' familial relationships with Decedent;

6. Whether Plaintiffs can prove the City of Los Angeles maintained one or more unlawful customs, practices, or policies that were a moving force behind the constitutional violation(s) alleged;

7. Whether Plaintiffs can prove the City of Los Angeles improperly failed to train its officers, and whether that failure to train was a moving force behind the constitutional violation(s) alleged;

8. Whether Plaintiffs can prove one or more City of Los Angeles officials who possessed final policymaking authority ratified the

individual Defendants' alleged constitutional violation(s) and the reasons for them;

9.  Whether Plaintiffs can prove Defendants failed to reasonably accommodate Decedent's disability;

10. Whether Plaintiffs can prove they sustained any damages, the legal cause of any damages, and the amount; and

11. If Plaintiffs can prove liability, whether Plaintiffs can prove that punitive damages should be awarded.

**(d)     Parties, Evidence, etc.**

*Plaintiffs' Statement on Parties*: The parties are Plaintiffs Min Yang and Myung Sook Yang, and Defendants City of Los Angeles, Andres Lopez, Araceli Ruvalcaba, and Does 1-10.

*Plaintiffs' Witnesses*: The percipient witnesses include the LAPD officials and personnel present at the scene of the incident, medical professionals who attended to Decedent, and other possible civilian witnesses. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiffs' damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiffs May Use*: The key documents will include LAPD records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

*Defendants Statement on Parties*: The parties are Plaintiffs Min Yang and Myung Sook Yang, and Defendants City of Los Angeles, Andres Lopez, Araceli Ruvalcaba.

*Defendants' Statement On Evidence, etc.:* Currently known witnesses are Defendant Officers, Plaintiffs. Police practices expert. Material evidence will include video and audio of the subject incident, mental and medical health records of

JOINT RULE 26(f) REPORT

Decedent.

**(e)    Damages**

Plaintiffs claim general and special compensatory damages, according to proof at trial under federal law for their individual damages for the wrongful death of Decedent; for Decedent's survival damages, including his pre-death pain and suffering, loss of enjoyment of life, and loss of life; and for the interference with Plaintiffs' familial relationship with Decedent. Plaintiffs also seek punitive and exemplary damages against the individual Defendants only. Plaintiffs also seek attorney's fees pursuant to 42 U.S.C. § 1988, costs and interest incurred.

**(f)    Insurance**

The City of Los Angeles is self-insured.

**(g)    Motions (Procedural)**

There are no pending motions. Following initial discovery, Plaintiffs may file either a stipulation to name as defendants any additional officers or other individuals who are believed to have liability, if any, or a motion to amend if such stipulation cannot be reached. Additionally, the parties may seek to effectuate the consolidation of related state law claims that are currently pending in Superior Court into this action. Aside from these, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

Defendants anticipate jointly filing a motion to bifurcate and/or, in the alternative, a motion to trifurcate.

**(h)    Manual for Complex Litigation**

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

**(i)    Status of Discovery**

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties

JOINT RULE 26(f) REPORT

agree to exchange initial disclosures on or before May 7, 2026. As of the time of the drafting of this report, written discovery requests have not yet been propounded and deposition dates have not yet been set.

**(j)    Discovery Plan**

The parties have discussed the anticipated discovery and propose a discovery schedule based on separately proposed trial dates as set forth in Plaintiffs' and Defendants' respective versions of "Exhibit A" attached hereto. As the parties were unable to agree on a trial date.

Plaintiffs anticipate serving written discovery regarding City records regarding the incident and taking the depositions of City personnel who were involved in the detention of, use of force against, and arrest of Decedent. Plaintiffs may also depose medical personnel who provided medical attention to Decedent. Plaintiffs also plan to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiffs anticipate serving written interrogatories, requests for admission, and requests for production of documents.

The parties will also take the depositions of any experts or witnesses identified by the other.

The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

Defendants will promptly propound written discovery and schedule depositions of Plaintiffs.

The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time. Plaintiffs may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiffs learn through discovery that there were more County personnel who were present during relevant events and may be material witnesses than Plaintiffs would otherwise be able to depose.

Defendants jointly object to the request of exceeding the ten (10) deposition

JOINT RULE 26(f) REPORT

limit unless and until Plaintiffs demonstrate a good faith need to exceed the limit on depositions.

**(k)    Discovery Cut-off**

Plaintiffs propose a Non-Expert Discovery Cut-Off of June 4, 2027, which is also as set forth in Plaintiffs' Exhibit A hereto.

Defendants propose a Non-Expert Discovery Cut-Off of September 10, 2027, as set forth in Defendants' Exhibit A.

**(l)    Expert Discovery**

The parties have discussed expert discovery and Plaintiffs propose exchange dates of: Initial Expert Disclosure on July 9, 2027; Rebuttal Expert Disclosure on August 6, 2027; and Expert Discovery Cut-Off of August 20, 2027. These dates are also set forth in Plaintiffs' Exhibit A attached hereto.

Defendants propose exchange dates of: Initial Expert Disclosure on October 15, 2027; Rebuttal Expert Disclosure on November 12, 2027; and Expert Discovery Cut-Off of November 26, 2027, as set forth in Defendants' Exhibit A.

**(m)    Dispositive Motions**

The parties have discussed potential motions and Plaintiffs propose a deadline of June 11, 2027, to file motions (not including motions *in limine*). This proposed date is also set forth in Plaintiffs' Exhibit A attached hereto.

Defendants propose a filing deadline of September 3, 2027, to file motions (not including motions in limine), as set forth in Defendants' Exhibit A.

After a period of discovery, Plaintiffs may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiffs will adhere to the Court's requirements for motions for summary judgment.

Defendants anticipate jointly filing a motion for summary judgment or adjudication on one or more claims. If the parties are unable to reach an agreement, Officers anticipate jointly filing a motion for judgment on the pleadings as to

Plaintiffs' ADA cause of action on the grounds that a right of action cannot be maintained against Officers because the ADA provides only for employer liability, not individual liability.

**(n)     Settlement Conference / Alternative Dispute Resolution (ADR)**

a.     *Prior Discussions*

The parties have not had substantive settlement discussions. The parties are amenable to engaging in initial settlement discussions following a period of discovery.

b.     *ADR Selection*

The parties are agreeable to participating in ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel).

**(o)     Trial**

a.     *Proposed Trial Date*

Plaintiffs propose a trial start date of October 26, 2027. This date reflects the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or more parties; and lead trial counsel's current trial calendars for mid and early 2027.

Defendants propose a trial date of February 1, 2028 to accommodate all counsel and parties' schedules, necessary discovery, and motions.

b.     *Time Estimate*

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

c.     *Jury or Court Trial*

The parties request a trial by jury.

d.     *Magistrate Judge*

The parties are not requesting to try the case before a magistrate judge.

**(p)     Trial Counsel**

JOINT RULE 26(f) REPORT

Dale K. Galipo will be lead trial counsel for Plaintiffs. Christopher D. Lee and Elle M. Reed will be trial counsel for Defendant Andres Lopez. Irving Estrada will be lead trial counsel for Defendants City of Los Angeles and Araceli Ruvalcaba.

**(q)    Independent Expert or Master**

The parties agree that this case does not require an independent expert or master.

**(r)    Timetable**

Plaintiffs and Defendants each submit the required Schedule of Pretrial and Trial Dates Worksheet, respectively attached as Plaintiffs' Exhibit A and Defendants' Exhibit A.

**(s)    Other Issues**

The parties stipulate to electronic service of discovery.

The parties may seek entry of a stipulated protective order governing use of sensitive materials produced in discovery in this action.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

JOINT RULE 26(f) REPORT

Respectfully submitted,

Dated: April 24, 2026          LAW OFFICES OF DALE K. GALIPO

By    */s/ Benjamin S. Levine*
     DALE K. GALIPO
     BENJAMIN S. LEVINE[1]
     *Attorneys for Plaintiffs*


Dated: April 24, 2026          EVERETT DOREY LLP

By    */s/ Elle M. Reed*
     SEYMOUR B. EVERETT, III
     SAMANTHA E. DOREY
     CHRISTOPHER D. LEE
     ELLE M. REED
     *Attorneys for Defendant Andres Lopez*


Dated: April 24, 2026          OFFICE OF THE LOS ANGELES CITY ATTORNEY

By    *Irving Estrada*
     HYDEE FELDSTEIN SOTO
     DENISE C. MILLS
     KATHLEEN KENEALY
     CHRISTIAN R. BOJORQUEZ
     IRVING ESTRADA
     *Attorneys for Defendants City of Los Angeles and Araceli Ruvalcaba*

---

[1] Pursuant to Local Rule 5-4.3.4, as the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.